People v Brown (2024 NY Slip Op 04618)

People v Brown

2024 NY Slip Op 04618

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Webber, J.P., Kern, Oing, González, Rosado, JJ. 

Ind No. 3268/18 Appeal No. 2617 Case No. 2022-01893 

[*1]The People of the State of New York, Respondent,
v
Darryl Brown, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Daniel Hamburg of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Elizabeth T. Schmidt of counsel), for respondent.

Order, Supreme Court, New York County (Ellen Biben, J.), entered on or about April 27, 2022, which, after a hearing, adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). The alleged mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument or were outweighed by aggravating factors. That defendant chose to victimize his 15-year-old granddaughter who was asleep and thus particularly vulnerable is a significant aggravating factor (see People v Poole, 105 AD3d 654, 655 [1st Dept 2013], lv denied 21 NY3d 863 [2013]). Defendant's reliance on an alternative risk assessment instrument, the Static-99R, which is not used by the Board of Examiners of Sex Offenders, is unavailing (see e.g. People v Johns, 199 AD3d 529 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024